1
Law Office of Sharon L. Lapin
Sharon L. Lapin Sbn 165919
2
110 Loch Lomond Dr.
San Rafael, ca 94901
3
Phone: (415) 258-1651
e-mail: lapinlaws@juno.com
4

5
Attorney for Plaintiff

6

7

8
**UNITED STATES DISTRICT COURT**

9
**EASTERN DISTRICT OF CALIFORNIA**

10

11
JACALYN HODGES,                                    CASE NO.

12
       Plaintiff,                                COMPLAINT FOR:

13
v.
                                                   1. VIOLATION OF THE TRUTH IN
14
BANK OF AMERICA F/K/A                                  LENDING ACT (15 U.S.C. § 1601 et
COUNTRYWIDE; OWNIT MORTGAGE                            seq.)
15
SOLUTIONS, INC.; RECONTRUST                        2. VIOLATION OF CALIFORNIA
COMPANY; RBC MORTGAGE; RENE                            ROSENTHAL ACT
YOUNG, MORTGAGE ELECTRONIC                         3. NEGLIGENCE
16
REGISTRATION SYSTEMS, INC.; and                    4. VIOLATION OF REAL ESTATE
DOES 1-20 Inclusive,                                  SETTLEMENT PROCEDURES ACT
17
                                                      (12 U.S.C. § 2605 et seq.)
       Defendants.                            5. BREACH OF FIDUCIARY DUTY
18
_____/                6. FRAUD
                                                   7. VIOLATIONS OF CALIFORNIA
19
                                                      BUSINESS & PROFESSIONS CODE §
                                                      17200 et seq.
20
                                                   8. BREACH OF CONTRACT
                                                   9. BREACH OF IMPLIED COVENANT
21
                                                      OF GOOD FAITH AND FAIR
                                                      DEALING
22
                                                   10. WRONGFUL FORECLOSURE

23
                                                   DEMAND FOR JURY TRIAL

24

25

26

27

28

1    Plaintiff Jacalyn Hodges ("Plaintiff"), by and through her counsel, for her Complaint

2  against Defendants Bank Of America F/K/A Countrywide ("BOA"), Ownit Mortgage Solutions,

3  Inc. ("Ownit"), Recontrust Company ("Recontrust"), RBC Mortgage ("RBC"), Rene Young

4  ("Young") (collectively "Defendants"), Mortgage Electronic Registration Systems, Inc.

5  ("MERS") pleads as follows:

6                              **JURISDICTION AND VENUE**

7    1.    This Court has subject matter jurisdiction based on federal question under 28

8  U.S.C. §§ 1331 and 1367, 18 U.S.C. § 1964(c) and 15 U.S.C. § 1640(e).  This is an action

9  asserting violations of federal statutes commonly known as the Truth In Lending Act ("TILA")

10 (15 U.S.C. § 1601 et seq.), the Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. §

11 2601 et seq.) and its implementing regulations, 12 C.F.R. Part 226, et seq. ("Regulation Z"), with

12 additional claims under California state law.  These claims all arise out of the same controversy

13 and sequence of events.

14   2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a

15 substantial part of the events giving rise to the claim occurred in this judicial district.

16   3.    This Court has personal jurisdiction over the parties as all Defendants engage in

17 business within the State of California and the Eastern District and thus have sufficient contacts.

18   4.    Jurisdiction of this Court for the pendent state claims is authorized by Federal

19 Rule of Civil Procedure 18(a).

20   5.    Defendants, and each of them, regularly engage in business in the State of

21 California and regularly provide residential mortgage loans and related services to residents in

22 the State of California who wish to obtain a residential mortgage loan, and who contact or are

23 contacted by a loan officer for assistance in obtaining the necessary financing.

24   6.    Plaintiff brings this action against Defendants for damages and harm resulting

25 from the Defendants' negligent, fraudulent and unlawful conduct concerning residential

26 mortgage loan transactions with the Plaintiff.

27                                    **PARTIES**

28   7.    The residential property, subject to this Complaint, is located at 701 Gibson

1   Drive, Roseville, County of Placer, State of California ("Property").

2       8.      Plaintiff is informed and believes, and thereon alleges that at all times mentioned

3   in this Complaint, Defendant BOA is a diversified financial marketing and/or services

4   corporations engaged primarily in residential mortgage banking and/or related businesses.

5   Plaintiff believes that Defendant BOA is a residential mortgage loan servicer.  Defendant BOA

6   represented to Plaintiff that it has the right to service Plaintiff's residential mortgage loans and

7   demand mortgage payments from Plaintiff.

8       9.      Plaintiff is informed and believes, and thereon alleges that at all times mentioned

9   in this Complaint, Defendant Ownit is a diversified financial marketing and/or services

10  corporations engaged primarily in residential mortgage banking and/or related businesses.

11  Defendant Ownit is believed to be a residential mortgage lender and was the original lender for

12  Plaintiff's residential mortgage loans.

13      10.     Plaintiff is informed and believes, and thereon alleges that at all times mentioned

14  in this Complaint, Defendant Recontrust is a diversified financial marketing and/or services

15  corporations engaged primarily in residential mortgage banking and/or related businesses.

16  Defendant Recontrust is believed to be employed by Defendant BOA to foreclose on Plaintiff's

17  Property.

18      11.     Defendant MERS is a Delaware corporation engaged in the business of holding

19  title to mortgages.  It does business in California as evidenced by inclusion of its name on the

20  Deed of Trust.  MERS was not registered to do business in California, and its agent for service of

21  process resigned March 25, 2009.  The Deed of Trusts in this case states:

22          "The beneficiary of this security instrument is MERS (solely as
            nominee for Lender and Lender's successors and assigns) and the
23          successors and assigns of MERS.  This security instrument secures
            to Lender (i) repayment of the Loan and all renewals, extensions
24          and modifications of the Note; and (ii) the performance of
            Borrower's covenants and agreements under this Security
25          Instrument and Note.  For this purpose, the Borrower irrevocably
            grants and conveys to Trustee, in trust, with power of sale the
26          following described property.

27      12.     Defendant MERS' conduct, with respect to the Promissory Notes and the Deed of

28  Trusts in this case, is governed by "MERS Terms and Conditions" applicable to Defendants

which state that:

> "MERS shall serve as mortgagee of record with respect to all such mortgage loans solely as a nominee, in an administrative capacity, for the beneficial owner or owners thereof from time to time. MERS shall have no rights whatsoever to any payments made on account of such mortgage loans, to any servicing rights related to such mortgage loans, or to any mortgaged properties securing such mortgage loans. MERS agrees not to assert any rights (other than rights specified in the Governing Documents) with respect to such mortgage loans or mortgaged properties. References herein to "mortgage(s)" and "mortgagee of record" shall include deed(s) of trust and beneficiary under a deed of trust and any other form of security instrument under applicable state law."

13.    As a result of said express conditions, and pursuant to California Commercial Code §§ 1201(21), 3301, and 3309, MERS has no beneficial interest or right to enforce the terms of the Promissory Notes, because it is not in possession of the Promissory Notes, and has no authority to conduct a non-judicial foreclosure sale.

14.    At all times mentioned in this Complaint, Defendants RBC and Young sold Plaintiff the mortgages involved herein.

15.    At all times mentioned in this Complaint, Defendant Young was the loan officer who sold Plaintiff the mortgages at issue.  At that time, Defendant Young was licensed by the California Department of Real Estate as a salesperson.  Defendant Young held herself out to Plaintiff as a loan officer employed by Defendant RBC, and was acting within the course and scope of that employment when she came into contact with Plaintiff and sold Plaintiff the mortgage at issue.

16.    Plaintiff is ignorant of the true names and capacities of the Defendants sued herein under the fictitious names Does 1 through 20, inclusive, and Plaintiff will amend this Complaint to allege such names and capacities as soon as they are ascertained.  Plaintiff is informed and believes, and thereon alleges that each of said fictitiously named Defendants are responsible in some manner for the wrongful acts complained of herein.

17.    Defendants, and each of them, at all relevant times herein were and still are agents for one another, and acting under the course and scope thereof, with knowledge and consent of each other.

**GENERAL ALLEGATIONS**

18.    This action arises out of a loan related activity to the Property of which the Plaintiff is the rightful owner.

19.    Beginning in 1998 and continuing through 2009, lenders, including Defendant Ownit, their agents, employees, and related servicers, including Defendants BOA and MERS, developed a scheme to rapidly infuse capital into the home mortgage lending system by selling mortgages on the secondary market, normally three to five times, to create a bankruptcy remote transaction.  The lenders, including Defendant Ownit, their agents, employees, and related servicers, including Defendant BOA, then pooled these mortgages into large trusts, securitizing the pool and selling these securities on Wall Street as mortgage backed securities, bonds, derivatives and insurances, often for twenty or thirty times the original mortgage.  Such facts are so well known as to be Judicially Noticeable under Federal Rule of Evidence 201 and California Evidence Code §§ 451 and 452.

20.    In "selling" these mortgage notes on the secondary market, Defendant Ownit, along with other Doe Defendants and Defendant MERS, failed to follow the basic legal requirements for the transfer of a negotiable instrument and an interest in real property, including, but not limited to, written assignments of the note and deed of trust, delivery of the deed of trust, or endorsements of the note by the owner of the note, Plaintiff's Notes and Deed of Trusts included.

21.    In fact, no interest in Plaintiff's Mortgage Notes, Deed of Trusts or Property was ever legally transferred to any of the named Defendants, and that the named Defendants, as well as the Doe Defendants, are in effect straw men, and parties without any standing before this Court to assert legal rights with respect to this contractual transaction.

22.    Defendant BOA thus could not have been given the right to service Plaintiff's Loans.  Accordingly, Plaintiff alleges Defendant BOA's representations to Plaintiff that it has the right to service Plaintiff's Loans was and is fraudulent.

23.    Due to Defendant MERS's failure to observe the applicable legal requirements for the transfer of a negotiable instruments and interests in real property, Defendant MERS did not acquire any interest in Plaintiff's Property.

24.     Defendant Recontrust, as agent for Defendant BOA or other Doe Defendants, due to the failures noted above, was not legally entitled to initiate foreclosure proceedings against Plaintiff's Property.

25.     Further, as this process became more and more profitable, the underwriting requirements were repeatedly reduced to ensure more and more unsuspecting borrowers. As the lenders reduced the underwriting requirements, they introduced the concept of "churning" loans involving a calculated plan to repeatedly refinance borrowers' loans, taking as much equity as possible, and artificially driving up housing prices. In this case, Defendants RBC and Young, in concert with Defendant Ownit, placed Plaintiff into predatory loans with toxic terms with the ultimate objective of forcing Plaintiff to refinance her loan in the near future for each of these Defendants' financial gain.

26.     Lenders, Defendant Ownit included, regularly trained, directed, authorized and/or participated with mortgage brokers to implement this scheme, giving them monetary incentives to violate the borrowers' trust.

27.     Finally, Lenders, Defendant Ownit included, along with secondary market buyers, identified herein as Doe Defendants, would then conspire with servicers, such as Defendant BOA, to secrete the fraudulent transfers of Plaintiff's Loans, as noted above, from Plaintiff, and to illegally extort monies from the Plaintiff with the threat of negative credit reporting and foreclosure.

28.     On or about May 16, 2005, Defendant Young approached Plaintiff telling her that she was the loan officer for Defendant RBC, and solicited her to purchase her residence.

29.     Defendant Young advised Plaintiff that she could get her the "best deal" and the "best interest rates" available on the market. Defendant Young knew or should have known that these assurances were false and misleading.

30.     Defendant Young advised Plaintiff that she could get her 100% financing for her residence, that her loan would be a fixed rate loan. However, Defendant Young actually sold Plaintiff two loans. The first loan was an adjustable rate pay option with and interest rate that started at 6.000% and had a cap of 12.000%. The first loan also contained a 2 year prepayment

1  penalty.  The second loan was a 30 year fixed that had an interest rate of 8.250%.  The second

2  loan also contained a 2 year prepayment penalty.

3       31.    Defendant Young further advised Plaintiff that if the loans ever became

4  unaffordable, she would simply refinance them into an affordable loan, something Defendant

5  Young knew or should have known was false and misleading.

6       32.    Defendants Young and RBC knew or should have known that these false and

7  material misrepresentations were designed to induce Plaintiff to accept these loans to her

8  detriment.

9       33.    Plaintiff was not given a copy of any of the loan documents prior to closing as

10  required.  At closing, Plaintiff was only given a few minutes to sign the documents.  The notary

11  did not explain any of the loan documents nor was Plaintiff allowed to review them.  Plaintiff was

12  simply told to sign and initial the documents provided by the notary.  Further, Plaintiff did not

13  receive the required copies of a proper notice of cancellation.

14       34.    The facts surrounding these loan transactions were purposefully hidden to prevent

15  Plaintiff from discovering the true nature of the transactions and the documents involved therein.

16  Facts surrounding these transactions continue to be hidden from the Plaintiff to this day.

17       35.    On or about August 15, 2005, Plaintiff completed the loans on the Property.  The

18  terms of the loans were memorialized in Promissory Notes, which was secured by a Deed of

19  Trusts on the Property.  The Deed of Trusts identified First American as Trustee, and Defendant

20  Ownit as Lender.

21       36.    The Deed of Trusts also identified MERS as nominee for the Lender and Lender's

22  successors and assigns, and the beneficiary.  MERS has no standing in this forum.  It is not

23  licensed to be and/or act as a nominee or a beneficiary of any of the Defendants, nor does its

24  Terms and Conditions, enumerated above, permit MERS to act in such capacity.  MERS was

25  developed to be a document storage company, not a nominee or a beneficiary of any of the

26  Defendants.  Therefore, the Deed of Trusts must fail.  Further, MERS was not licensed to do

27  business in the State of California, and was not registered with the State of California at the

28  inception of the loan involved herein.

37.   Subsequent to the closing of Plaintiff's residential mortgage loans, Defendant BOA began demanding mortgage payments.  However, Defendant BOA did not give owner notice that it acquired servicing rights, as required under 12 U.S.C § 2605(c).

38.   On or about May 22, 2009, a Notice of Default was filed in Placer County, California, by Defendant Recontrust.  This notice, however, identified  Defendant Recontrust as either the original Trustee (which it was not), the substitute Trustee or acting as agent for the Beneficiary under the Deed of Trusts.  The notice failed to explain when, how or under what authority Defendant Recontrust became a substitute Trustee or an agent for the Beneficiary.

39.   On or about September 1, 2009, a Qualified Written Request under RESPA ("QWR" or "Request") was mailed to Defendant BOA.  The QWR properly identified the Plaintiff, identified the loans in question, a statement of reasons for Plaintiff's belief that the account was in error due to fraud at the inception of the loans, improper charges added to the loans, the improper increase in the principal balance of Plaintiff's Loans, and requested specific servicing related information from Defendant BOA.  The QWR included a demand to rescind the loans under the TILA provisions.  Defendant BOA has yet to properly respond to this Request.

40.   Plaintiff alleges that none of the named Defendants are a "person entitled to enforce" the security interest under the Notes and the Deed of Trusts, as defined in California Commercial Code § 3301.  Defendant Ownit, in concert with other Doe Defendants and Defendant MERS sold Plaintiff's home loans to other financial entities, which "pooled" large numbers of loans, put them into trusts, and sold securities based on Plaintiff's loans.  None of the named Defendants own the loans subject to this action, and none are entitled to enforce the security interest.

41.   Defendant Ownit regularly approved loans to unqualified borrowers, Plaintiff included, and implemented unlawful lending practices.  Further, Defendant Ownit employed brokers and loan officers, including Defendants RBC and Young, who were paid commissions based on the volume of loans they sold to consumers, Plaintiff's included.  Defendant Ownit's loan officers received a greater commission or bonus for placing borrowers in loans with relatively high yield spread premiums.  As such, borrowers, Plaintiff included, were steered and

1  encouraged into loans with terms unfavorable to them, or loans which the borrowers, Plaintiff

2  included, were not qualified to obtain.

3      42.    Defendant BOA, in concert with other Doe Defendants and Defendant, are now

4  attempting to obtain putative legal title to Plaintiff's Property without having established that any

5  of them was ever a "person entitled to enforce" the security interest under the Notes and the Deed

6  of Trusts.

7      43.    Each of the named Defendants, in fact, is not a "person entitled to enforce" said

8  interest.  No legal transfer of the Mortgage Notes, Deed of Trusts or any other interest in

9  Plaintiff's Property was ever effected that gave any of the Defendants the right to be named a

10  trustee, mortgagee, beneficiary or an authorized agent of trustee, mortgagee or beneficiary of

11  Plaintiff's Mortgage Notes, Deed of Trusts or any other interest in Plaintiff's Property.

12      44.    Plaintiff entered into the loan transactions with Defendant Ownit, which was

13  subject to finance charges, and which was initially payable to Defendant Ownit under the Deed of

14  Trusts.

15      45.    Plaintiff's Loans are subject to TILA provisions and its implementing regulations,

16  12 C.F.R. Part 226 ("Regulation Z").

17      46.    When the loans were consummated, Plaintiff did not receive the required

18  documents and disclosures, including, but not limited to the TILA disclosure,

19      47.    Under TILA and Regulation Z, Defendants were required to clearly and

20  conspicuously disclose the "amount financed" and the "finance charge," among other things, in

21  connection with the Loan.

22      48.    Defendant Ownit, as agent of the Lender, were required to provide Plaintiff with

23  said disclosures, but failed to do so.

24      49.    Further, Defendant BOA fraudulently added costs and charges to the payoff

25  amount of the Notes that were not justified or proper under the terms of the Notes or the law.

26      50.    In pursuing the non-judicial foreclosure, Defendants BOA, Recontrust, and other

27  Doe Defendants, represented that they have the right to payment under the Mortgage Notes,

28  payment of which was secured by the Deed of Trust.  Whereas in fact, Defendants BOA,

1 Recontrust, and other Doe Defendants, and each of them, are not the real parties in interest

2 because they are not the legal trustee, mortgagee or beneficiary, nor are they authorized agents of

3 the trustee, mortgagee or beneficiary, nor are they in possession of the Notes, or holders of the

4 Notes, or non-holders of the Notes entitled to payment, as required by the California Commercial

5 Code §§ 3301 and 3309, and California Civil Code § 2924 et seq.  Therefore, Defendants BOA,

6 Recontrust, and other Doe Defendants instituted foreclosure proceedings against Plaintiff's

7 Property without rights under the law.

8      51.    Named Defendants engaged in a civil conspiracy where by they secreted the nature

9 of the misdeeds alleged herein, the roles and identities of the various entities that were purportedly

10 handling the Loans at any given time, and the transfers of the Loan documents and negotiable

11 instruments that are the subject of this action.

12     52.    Defendant Young misrepresented material facts at the inception of the loans with

13 the intent of forcing Plaintiff to either pay large sums of money to the Defendants RBC, Young,

14 and Ownit to which they were not entitled, or to abandon the Property to a foreclosure sale,

15 resulting in profit for all the named Defendants.

16     53.    Defendant BOA misrepresented material facts regarding its right to service

17 Plaintiff's Loans and demanded payments from Plaintiff, with the intent of forcing Plaintiff to pay

18 large sums of money to the Defendant BOA to which it was not entitled, or to abandon the

19 Property to a foreclosure sale, resulting in profit for Defendant BOA.

20     54.    The misrepresentations and allegations stated herein were all discovered within the

21 past year, such that any applicable statute of limitations are extended or should be extended

22 pursuant to the equitable tolling doctrine or other equitable principles.  Even through the exercise

23 of reasonable diligence, Plaintiff would still not have been able to learn of or file her claim on

24 time.

25 ///

26 ///

27 ///

28 ///

# FIRST CAUSE OF ACTION

## VIOLATION OF TRUTH IN LENDING ACT

### 15 U.S.C. § 1601 et seq.

#### (Against Defendant Ownit)

55.    Plaintiff incorporates here each and every allegation set forth above.

56.    The Loan transactions at issue is consumer credit transactions subject to the provisions of TILA.

57.    In the course of the transaction described herein, Defendant Ownit violated TILA by failing to provide required disclosures prior to consummation of the transaction as required by 15 U.S.C. § 1638, failed to make required disclosures clearly and conspicuously in writing as required by 15 U.S.C § 1632(a), 12 C.F.R § 226.5(a)(1), failed to timely deliver to Plaintiff TILA notices as required by 15 U.S.C. § 1638(b), and failed to disclose all finance charge details, the annual percentage rate based upon properly calculated and disclosed finance charges and amounts financed as defined by 15 U.S.C. § 1602(u).

58.    Records from the transactions indicate that Defendant Ownit extended credit to Plaintiff without regard to her ability to pay, and falsified requisite income and appraisal information to get the loans approved.  Defendant Ownit has engaged in a pattern and practice of extending credit to consumers, Plaintiff included, under high rate mortgages without regard to the consumers' repayment ability or the actual value of the property.

59.    Had Defendant Ownit properly and fully disclosed the terms of these loans pursuant to TILA, Plaintiff would not have agreed to enter into these loan transactions or would have sought a loan with more favorable terms elsewhere.

60.    Defendant Ownit is liable to the Plaintiff in the amount of twice the finance charge, actual damages to be established at trial, and costs in accordance with 15 U.S.C. § 1640(a).

61.    Plaintiff is also entitled to the following: rescission of the loan transaction; an order requiring Defendants to take any and all actions necessary to terminate any security interest in the Property, and a declaration by the Court that the security interest is void; expungement of any and all foreclosure instruments, including but not limited, to any Notice of Default or Notice

of Trustee's Sale relating to Plaintiff's Property from any public record; removal of any and all derogatory information reported to any and all credit reporting agency or bureau relating to the transaction involved herein; the return to the Plaintiff of any money given by the Plaintiff to any of the Defendants in connection with the Loan transaction; statutory damages; costs and reasonable attorney's fees; and such other relief as the Court may deem just and proper.

62.    As a result of Defendant Ownit's conduct, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial, which she is entitled to recover.

63.    As a result of Defendant Ownit's conduct, Plaintiff is entitled to declaratory and injunctive relief preventing Defendant Ownit from taking any action to collect on the loan, and/or to foreclose upon the Property, and/or to transfer the Property.

**SECOND CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA ROSENTHAL ACT**

**CALIFORNIA CIVIL CODE § 1788 et seq.**

**(Against Defendant BOA)**

64.    Plaintiff incorporates here each and every allegation set forth above.

65.    Plaintiff alleges that Defendant BOA is a debt collector within the meaning of the Rosenthal Act in that they regularly, in the course of their business, on behalf or themselves or others, engage in the collection of debt.

66.    Defendant BOA used unfair and unconscionable means to collect a debt not owed to Defendant BOA or its principal by sending deceptive letters and making phone calls to Plaintiff demanding payment.

67.    Defendant BOA made false reports to credit reporting agencies about Plaintiff's credit standing, falsely stating the amount of Plaintiff's mortgage debt, falsely stating that a debt was owed to Defendant BOA, and falsely stating Plaintiff's payment history.

68.    Further, Defendant BOA increased the amount of Plaintiff's mortgage debt by stating amounts not permitted by law or contract, including, but not limited to, excessive service fees, attorneys' fees, and late charges.

69.    Defendant BOA's actions have caused Plaintiff actual damages, including, but not

1   limited to, severe emotional distress, such as loss of appetite, frustration, fear, anger, helplessness,

2   nervousness, anxiety, sleeplessness, sadness, and depression.

3        70.    As a result of Defendant BOA's violations, Plaintiff is entitled to statutory

4   damages in an amount to be determined at trial, actual damages according to proof, and costs and

5   reasonable attorneys' fees.

6   **THIRD CAUSE OF ACTION**

7   **NEGLIGENCE**

8   **(Against all Defendants)**

9        71.    Plaintiff incorporates here each and every allegation set forth above.

10        72.    Defendants RBC and Young owed a duty to the Plaintiff to exercise reasonable

11   skill and care in the exercise of the agency duties for the Plaintiff's benefit and best interest and to

12   perform acts as brokers of loans in such a manner as to not cause Plaintiff harm.

13        73.    Defendants RBC and Young breached their duty to the Plaintiff when they used

14   their knowledge and skill to direct Plaintiff into loans for which she was not qualified based upon

15   her income as stated in the documents provided to Defendants RBC and Young.

16        74.    Defendants RBC and Young further breached their duty to Plaintiff by directing

17   her into loan transactions that she may not have otherwise qualified for by industry standards,

18   resulting in excessive fees paid by the Plaintiff and payments in excess of Plaintiff's ability to pay.

19        75.    Defendant Ownit directly ordered, authorized and participated in Defendants

20   RBC's and Young's conduct.  As a result, Defendant Ownit owed a duty to the Plaintiff to

21   perform acts in such a manner as to not cause Plaintiff harm.  In addition,  Defendant Ownit

22   breached its duty of care to the Plaintiff when it failed to make the required disclosures to the

23   Plaintiff, failed to maintain the original Mortgage Notes, and failed to properly assign or transfer

24   the negotiable instrument(s).

25        76.    Defendant BOA owed Plaintiff a duty of due care.  Defendant BOA breached its

26   duty of care to the Plaintiff when it took payments to which it was not entitled, charged feesit was

27   not entitled to charge, and wrongfully made or otherwise authorized negative reporting of

28   Plaintiff's creditworthiness to various credit bureaus.  Additionally, BOA had a statutory duty to

1    Plaintiff to properly respond to Plaintiff's Qualified Written Request pursuant to 12 U.S.C. §

2    2605(e), and to give Plaintiff notice of the transfer of the servicing rights to her loans pursuant to

3    12 U.S.C. § 2605(c).

4        77.    Defendant MERS owed Plaintiff a duty to perform its administrative function

5    recording, maintaining and transferring documents as it relates to Plaintiff's loans in a manner not

6    to cause Plaintiff harm.  Defendant MERS breached its duty to Plaintiff when it failed to receive,

7    maintain or transfer the negotiable instrument related to Plaintiff's loans, communicated false

8    information to others regarding Plaintiff's loans, and authorized others to collect payments on

9    Plaintiff's mortgage and commence foreclosure proceedings.

10       78.    As a result of Defendants' negligence, Plaintiff suffered and continues to suffer

11   harm, and is entitled to damages according to proof and/or other relief as the Court deems just.

### FOURTH CAUSE OF ACTION

### VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT

### 12 U.S.C. § 2605 et seq.

### (Against Defendants BOA and Ownit)

16       79.    Plaintiff incorporates here each and every allegation set forth above.

17       80.    The Loan transactions between Plaintiff and Defendants are mortgage loans

18   covered by RESPA.

19       81.    A violation of RESPA is also made unlawful under California state law by

20   Financial Code § 50505, which states: "[a]ny person who violates any provision of [RESPA] or

21   any regulation promulgated thereunder, violates this division [California Residential Mortgage

22   Lending Act]."

23       82.    Plaintiff is not certain at this time exactly which of Defendants was actually the

24   servicer of the Loans at any given time.  Pursuant to 12 U.S.C. §§ 2605(b) and 2605(c),

25   Defendants Ownit and BOA had a statutory obligation to notify Plaintiff, within 15 days, of the

26   assignment, sale, or transfer of the servicing rights to Plaintiff's loans.  Defendants Ownit and

27   BOA failed to provide Plaintiff notice of the assignment, sale, or transfer of servicing rights to

28   Plaintiff's Loans.

1  83. Defendant Ownit violated RESPA at the time of the closing of the Loans subject to
2  this Complaint by failing to correctly and accurately comply with the disclosure requirements of
3  12 U.S.C § 2601 et seq. and Regulation X.

4  84. Plaintiff has served Defendant BOA a QWR that identified Plaintiff's name, loan
5  numbers, and a statement of reasons for Plaintiff's belief that the loans were in error. Plaintiff's
6  QWR, among other things, also sought rescission of the loans and requested production of service
7  related documents. Defendant BOA violated RESPA, 12 U.S.C. § 2605(e)(2), by failing and
8  refusing to provide a proper written explanation or response to Plaintiff's QWR.

9  85. Defendant Ownit further violated 12 U.S.C. § 2607 by receiving "kickbacks" or
10 referral fees disproportional to the work performed.

11 86. Defendant BOA violated RESPA, 12 U.S.C. § 2605(e)(2)(A), by failing to make
12 appropriate corrections to Plaintiff's account in response to the QWR, including the crediting of
13 any late charges or penalties and failing to transmit written notice of such corrections to Plaintiff.

14 87. Defendant BOA violated RESPA, 12 U.S.C. § 2605(e)(2), by refusing to cease its
15 collection efforts after receiving Plaintiff's QWR.

16 88. Defendant BOA violated RESPA, 12 U.S.C. § 2605(e)(3), by providing
17 information to consumer reporting agencies regarding overdue payments allegedly owed by
18 Plaintiff that were related to their QWR.

19 89. As a result of Defendants BOA's and Ownit's failure to comply with RESPA,
20 Plaintiff has suffered and continues to suffer damages and costs of suit. Plaintiff is entitled to
21 recover statutory damages, actual damages in an amount to be determined at trial, and costs and
22 reasonable attorneys' fees.

**FIFTH CAUSE OF ACTION**

**BREACH OF FIDUCIARY DUTY**

**(Against Defendants Young, RBC, and Ownit)**

26 90. Plaintiff incorporates here each and every allegation set forth above.

27 91. Defendants Young, RBC, and Ownit were all agents for the Plaintiff by express
28 and implied contract and by operation of law.

92.    Defendant Ownit gained a fiduciary duty to Plaintiff by directly ordering, authorizing and participating in Defendants Young's and RBC's tortious conduct.

93.    Defendant Ownit regularly trained, directed, authorized and participated with mortgage brokers to implement this scheme, including giving them monetary incentives to violate the borrowers' trust.

94.    Plaintiff hired Defendants RBC and Young as her agents for the purpose of obtaining a Loan to purchase the Property.

95.    Pursuant to an agreement between the parties, Plaintiff agreed to pay Defendants RBC and Young a commission from the proceeds of her Loans and agreed to pay Defendant Ownit substantial fees to originate her loans.

96.    Defendants RBC and Young, by and through their agents, and Defendant Ownit through its interjection into the brokerage of the loans as described above, owed a fiduciary duty to the Plaintiff to act primarily for her benefit, to act with proper skill and diligence, and not to make a personal profit from the agency at the expense of their principal, the Plaintiff.

97.    As Plaintiff's agents, Defendants Young, RBC, and Ownit owed Plaintiff a duty of loyalty and a duty to deal fairly with her at all times.

98.    Defendants Young, RBC, and Ownit willfully or recklessly breached their fiduciary duty and duty of loyalty by obtaining mortgage loans for her that had unfavorable terms and that she could not ultimately afford, by not disclosing the negative consequences of said loans, by securing a secret profit for themselves, by not properly complying with TILA and RESPA requirements, and by engaging in unfair business practices.

99.    Defendant Ownit, through its own actions, interfered with Defendant Young's fiduciary obligations by offering Defendant Young training, direction and incentives to breach her fiduciary duty by means of creating and participating in a scheme that created an illusion to consumers that they are being informed of all of the material facts, when in fact they are not.

100.    Plaintiff has been damaged as a result of Defendants' breach, and is entitled to actual damages.

101.    Defendants consciously disregarded Plaintiff's rights, deliberately breaching their

1  respective fiduciary duties, showing willful misconduct, malice, fraud, wantonness, oppression

2  and entire want of care, thus authorizing the imposition of punitive damages pursuant to

3  California Civil Code § 3294.

**SIXTH CAUSE OF ACTION**

**FRAUD**

**(Against all Defendants)**

7       102.   Plaintiff incorporates here each and every allegation set forth above.

8       103.   As alleged herein, Defendants Young and RBC made false representations to

9  Plaintiff regarding material facts, including but not limited to, interest rates, financing options,

10 availability of refinancing, and Plaintiff's qualification for these loans, at the inception of this

11 transaction, designed to fraudulently induce Plaintiff to enter into these transactions.

12      104.   As alleged herein, Defendant Ownit regularly trained, directed, authorized and

13 participated with mortgage brokers to implement this fraudulent scheme, training brokers and loan

14 officers, including Defendants Young and RBC to direct unsuspecting borrowers, Plaintiff

15 included, into toxic loans, giving brokers direction as to which toxic loans to direct borrowers

16 into, directing their underwriters to approve loans to these unqualified borrowers and giving the

17 brokers and loan officers monetary incentives to violate the borrowers' trust.

18      105.   As alleged herein, Defendant BOA misrepresented to Plaintiff that BOA has the

19 right to collect monies from Plaintiff on its behalf or on behalf of others when Defendant BOA

20 had no legal right to collect such monies.

21      106.   As alleged herein, Defendant MERS misrepresented to Plaintiff on the Deed of

22 Trusts that it is a qualified beneficiary with the ability to assign or transfer the Deed of Trusts

23 and/or the Notes and/or substitute trustees under the Deed of Trusts.  Further, Defendant MERS

24 misrepresented that it followed the applicable legal requirements to transfer the Notes and Deed of

25 Trusts to subsequent beneficiaries.

26      107.   As alleged herein, Defendant Recontrust misrepresented to Plaintiff that

27 Recontrust was entitled to enforce the security interest and has the right to institute a non-judicial

28 foreclosure proceeding under the Deed of Trusts when they filed a Notice of Default on May 22,

2009.  In fact, Defendant Recontrust was not a trustee, mortgagee or beneficiary, nor are they authorized agents of the trustee, mortgagee or beneficiary, nor are they in possession of the Notes, or holders of the Note, or non-holders of the Notes entitled to payment, as required by California Commercial Code §§ 3301 and 3309.  As a result, Defendant Recontrust did not have the right to initiate foreclosure proceeding herein under California Civil Code § 2924 et seq.

108.    These material representations made by the named Defendants were false.

109.    The named Defendants knew that these material representations were false when made, or these material representations were made with reckless disregard for the truth.

110.    The named Defendants intended that Plaintiff rely on these material representations.

111.    Plaintiff reasonably relied on said representations.

112.    As a result of Plaintiff's reliance, she was harmed and suffered damages.  Plaintiff's reliance on Defendants' false material representations was a substantial factor in causing Plaintiff harm.

113.    Additional evidentiary facts constituting fraud in this matter are within named Defendants' knowledge and possession and have been secreted by named Defendants.

114.    These named Defendants, and each of them, conspired together to perpetrated the fraud alleged herein over the course of several years.

115.    These named Defendants are guilty of malice, fraud and/or oppression, as defined in California Civil Code § 3294.  The named Defendants' actions were malicious and done willfully, in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiffs.  As such, Plaintiff is entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter them from engaging in future misconduct.

**SEVENTH CAUSE OF ACTION**

**VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 et seq.**

**(Against all Defendants)**

116.    Plaintiff incorporates here each and every allegation set forth above.

117.   Defendant BOA's violation of the Rosenthal Act, RESPA, its negligence, fraud and illegal foreclosure activities, as alleged herein, constitute unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq.

118.   Defendant Ownit's violation of TILA, RESPA, its negligence, breach of fiduciary duty, fraud, breach of contract and breach of the implied covenant of good faith and fair dealing, as alleged herein, constitute unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq.

119.   Defendant MERS' negligence, fraud, and illegal foreclosure activities, as alleged herein, constitute unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq.

120.   Defendant Recontrust's negligence, fraud and illegal foreclosure activities, as alleged herein, constitute unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq.

121.   Defendants RBC's and Young's negligence, breach of fiduciary duty, fraud, breach of contract and breach of the implied covenant of good faith and fair dealing, as alleged herein, constitute unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq.

122.   As a result of Defendants' wrongful conduct, Plaintiff has suffered various damages and injuries according to proof at trial.

123.   Plaintiff seeks injunctive relief enjoining Defendants from engaging in the unfair business practices described herein.

124.   Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

///
///
///
///

# EIGHTH CAUSE OF ACTION

## BREACH OF CONTRACT

### OR

### IN THE ALTERNATIVE

## RESCISSION OF CONTRACT

**(Against Defendants Young and Ownit)**

125.    Plaintiff incorporates here each and every allegation set forth above.

126.    Plaintiff entered into an agreement with Defendants Ownit and Young, whereby Defendants promised to provide Plaintiff with affordable loans.

127.    Plaintiff fully performed her duties under the contract with Defendants Young and Ownit.

128.    Defendants Young and Ownit breached their agreement with Plaintiff when they sold Plaintiff predatory loans with toxic terms.  Further, Defendants Young and Ownit breached there agreement with Plaintiff by failing to exercise reasonable efforts and due diligence as promised, thus failing to provide Plaintiff with affordable loans.  Defendants Young and Ownit also breached their agreement with Plaintiff by committing wrongful acts, including but not limited to, intentionally or negligently failing to obtain payment and interest rates as promised, failing to submit accurate loan applications, failing to supervise, failing to provide loan documents for Plaintiff's review prior to closing, and failing to explain the loan documents to the Plaintiff. Defendants further breached their duties when they failed to refinance the mortgage as promised, resulting in Plaintiff's payments increasing substantially shortly after the Loan agreements were signed.

129.    This breach by the Defendants Young and Ownit has sent Plaintiff into foreclosure instead of financing her mortgage as agreed.

130.    In the alternative, no contract existed between Plaintiff and Defendants Young and Ownit because of a mutual mistake relating to the basic or material contractual terms alleged above.  This mutual mistake was not caused by Plaintiff's neglect of her legal obligations. Defendants Young and Ownit were aware of Plaintiff's mistaken belief with respect to the

1  material terms alleged above, and unfairly utilized that mistaken belief in a manner that enabled

2  them to take advantage of the Plaintiff.

3       131.    As a result of Defendants' wrongful conduct, Plaintiff has suffered various

4  damages and injuries according to proof at trial.

5       132.    Plaintiff further seeks rescission of the loans, restitution, disgorgement of sums

6  wrongfully obtained, costs of suit, reasonable attorneys' fees, and such other and further relief as

7  the Court may deem just and proper.

8                          **NINTH CAUSE OF ACTION**

9       **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

10                      **(Against Defendants Young and Ownit)**

11      133.    Plaintiff incorporates here each and every allegation set forth above.

12      134.    A duty of good faith and fair dealing was implied by law into the contract at issue

13  in this action at its inception.  Defendants Young's and Ownit's duties of good faith and fair

14  dealing included, but were not limited to, the following: (1) Defendants had a duty to pay at least

15  as much regard to Plaintiff's financial interests as to Defendants' financial interests; (2)

16  Defendants had a duty to comply with all applicable laws in the State of California; (3)

17  Defendants agreed to act in good faith and deal fairly with Plaintiff when they entered into the

18  mortgages and accepted payments from Plaintiff.  Defendants Young and Ownit thereby assumed

19  obligations of good faith and fair dealing toward Plaintiff and thereby agreed to abide by such

20  obligations.

21      135.    Nevertheless, Defendants Young and Ownit breached the implied duty of good

22  faith and fair dealing owed to Plaintiff by, among other things, performing acts and failing to act

23  as alleged herein, and by failing to perform the duties specifically enumerated herein.

24      136.    Defendants Young and Ownit further breached the duty of good faith and fair

25  dealing by:

26      a.      Failing to pay at least as much regard to Plaintiff's interests as to Defendants'

27              interests;

28      b.      Failing to disclose to Plaintiff the true nature of the loans that is the subject of this

1    action;

2    c.    Failing to give Plaintiff the requisite notice and disclosures;

3    d.    Directing Plaintiff into toxic loans.

4    137.    In the absence of a reasonable basis for doing so, and with full knowledge and

5    reckless disregard of the consequences, Defendants Young and Ownit acted in bad faith toward

6    Plaintiff by, among other things, failing to comply with all applicable laws.

7    138.    Plaintiff is informed and believes, and thereon alleges that Defendants Young and

8    Ownit have a pattern and practice of similar bad faith conduct toward other borrowers who are

9    similarly situated.

10    139.    As a proximate result of Defendants Young's and Ownit's breaches of the

11    covenant of good faith and fair dealing alleged herein, Plaintiff has suffered damages, incurred

12    attorneys' fees and costs to recover the Property, suffered a loss of reputation and goodwill,

13    suffered emotional distress, and suffered other economic losses and damages in amounts not yet

14    fully ascertained but within the jurisdiction of this Court.

15    140.    Defendants Young and Ownit pursued said course of conduct intentionally and

16    maliciously and in conscious disregard of the rights of the Plaintiff.  Further, Defendants Young's

17    and Ownit's refusal to follow through with their duty to assist Plaintiff was made with the intent

18    to intimidate, vex and harass Plaintiff so as to discourage her from pursuing her legal rights under

19    the mortgage law.  In order to deter such conduct of Defendants Young and Ownit in the future,

20    and to prevent repetition thereof as a practice, by way of punishment and as example, Plaintiff

21    prays that exemplary damages be awarded according to proof at trial pursuant to California Civil

22    Code § 3294.

### TENTH CAUSE OF ACTION

### WRONGFUL FORECLOSURE

### (Against Defendants BOA and Recontrust)

26    141.    Plaintiff incorporates here each and every allegation set forth above.

27    142.    California Commercial Code § 3301 specifically identifies the persons who are

28    entitled to enforce a security interest by, among other means, instituting a foreclosure sale under a

1  deed of trusts.  The statute is exclusive rather than inclusive in nature, and those who are not

2  identified do not have the right to enforce such an interest.

3      143.    Defendants BOA and Recontrust were not, and are not, in possession of the Notes,

4  are not beneficiaries, assignees or employees of the person or entity in possession of the Notes,

5  and are not otherwise entitled to payment.  Defendants BOA and Recontrust are not "person[s]

6  entitled to enforce" the security interest on the Property, as that term is defined in Commercial

7  Code § 3301.

8      144.    Accordingly, Defendants BOA and Recontrust are not entitled to utilize California

9  Civil Code § 2924 et seq. (California's non-judicial foreclosure scheme) to wrongfully convert

10  Plaintiff's Property.

11      145.    In the Notice of Trustee Sale, Defendant Recontrust claims that it was the duly

12  appointed Trustee pursuant to the Deed of Trusts but fails to identify the holder of the beneficial

13  interest.  None of the Defendants are not in possession of the Notes and, accordingly, none are not

14  entitled to enforce the security interest on the Property.

15      146.    Given that none of the named Defendants ever acquired a right to enforce the Notes

16  and Deed of Trusts due to defective transfers in this case, Defendants BOA and Recontrust did not

17  have the right to commence foreclosure proceedings and as a result recorde defective Notices of

18  Default and Notices of Trustee's Sale, in direct violation of the requirements set forth in

19  California Civil Code § 2923.5.  As a result, Plaintiff could not exercise her rights to investigate

20  the circumstances of the foreclosure proceedings.

21      147.    Defendants BOA's and Recontrust's failure to comply with the statutory

22  requirements denied Plaintiff the opportunity to exercise her statutory rights, which the statute

23  was specifically designed to protect.

24      148.    As a direct and proximate result of said Defendants' wrongful actions, Plaintiff has

25  suffered damages, including, but not limited to, direct monetary loss, consequential damages, and

26  emotional distress.

27      149.    In committing the wrongful acts alleged herein, said Defendants acted with malice,

28  oppression and fraud.  Said Defendants' willful conduct warrants an award of exemplary damages,

1  in an amount sufficient to punish the wrongful conduct and to deter such misconduct in the future.

2  **DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES**

3  Plaintiff Jacalyn Hodges demands a trial by jury.

4  WHEREFORE, Plaintiff prays for judgment and order against Defendants, as follows:

5  1.  That judgment be entered in Plaintiff's favor and against Defendants, and each of

6  them;

7  2.  For an order requiring Defendants to show cause, if they have any, why they should

8  not be enjoined as set forth below, during the pendency of the action;

9  3.  For a temporary restraining order, preliminary and permanent injunction preventing

10  Defendants, or anyone acting in concert with them, from collecting on the subject

11  Loans and from causing the Property to be sold, assigned or transferred to a third

12  party;

13  4.  For an order stating that Defendants engaged in unfair business practices;

14  5.  For damages, disgorgement, and injunctive relief under California's common and

15  statutory law of unfair business practices;

16  6.  For compensatory and statutory damages, attorneys' fees and costs according to

17  proof at trial;

18  7.  For exemplary damages in an amount sufficient to punish Defendants' wrongful

19  conduct and deter future misconduct;

20  8.  For such other and further relief as the Court may deem just and proper.

21

22  DATED: January 4, 2010

23  Respectfully submitted

24  /s/ Sharon L. Lapin
    SHARON L. LAPIN
25  Attorney for Plaintiff Jacalyn Hodges

26

27

28